IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRANDON EDWARDS,

    Petitioner,

v.                                                           Civil Action No. 3:17cv9
                                                              (GROH)

WARDEN S. KALLIS

    Respondent.

**ORDER DIRECTING PETITIONER TO PROVIDE THE COURT
WITH THE NAME OF THE SUPREME COURT CASE HE
BELIEVES ENTITLES HIM TO RELIEF UNDER THE SAVINGS CLAUSE**

On January 30, 2017, the *pro se* Petitioner, Brandon Edwards, an inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. The Petitioner pleaded guilty in the United States District Court for the District of Connecticut to being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Subsequently, it was determined that the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1) applied, and he was sentenced to a term of imprisonment of 180 months to be followed by five years' supervised release. In his pending § 2241, the Petitioner challenges his sentence enhancement and seeks relief under the savings clause of §2255 because "his claim was foreclosed by circuit precedent that has since been overruled by a recent Supreme Court decision dealing with statutory interpretation (not constitutional) that is retroactive on collateral review. However, the Petitioner does not identify the Supreme Court case to which he is referring.

The Court is mindful that the Petitioner is a *pro se* litigant in this case. *Pro se* pleadings are to be liberally construed as set forth in <u>Haines v.Kerner</u>, 404 U.S. 519 (1972). This rule requires the Court to look beyond confusion of legal theories and poor syntax or sentence

construction. It does not mean that the Court is authorized to become *pro se* litigant's advocate. Despite the liberal construction afforded *pro se* pleadings, the court will not construct arguments or theories for the Petitioner in the absence of any discussion of those issues. The requirement of liberal construction also does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. Weller v. Dept. of Social Services, 901 F.2d 387 (4th Cir. 1990). District courts are not required "to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d at 1278, (adding that "[d]istrict judges are not mind readers").

Accordingly, it is hereby **ORDERED** that the Petitioner shall, within twenty-one (21) days of entry of this Order, provide the Court with the name of the Supreme Court decision which he believes entitles to him relief under the savings clause of § 2255.

**If the Petitioner does not comply with this Order, he is hereby notified that his petition will be dismissed without prejudice.**

**IT IS SO ORDERED.**

The Clerk of Court is **DIRECTED** to send the Petitioner a copy of this Order via certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 1, 2017.

                                                             /s Michael John Aloi
                                                   MICHAEL JOHN ALOI
                                                   UNITED STATES MAGISTRATE JUDGE